386 P.2d 851

**STATE of Arizona, Appellee,**

*v.*

**Gordon Lee WOODRING, Appellant.**

No. 1340.

Supreme Court of Arizona.

In Division.

Nov. 20, 1963.

Rehearing Denied Dec. 17, 1963.

:Sullivan & Glenn, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Phillip M. Haggerty, Asst. Atty. Gen., Charles N. Ronan, County Atty., for appellee.

BERNSTEIN, Chief Justice.

Defendant was charged with and con-victed of the crime of burglary in the first degree. At the outset of the trial defend-ant pleaded not guilty and also entered a plea of double jeopardy, based on a pre-vious trial on the same charge in which the jury had been discharged for failure to reach a verdict. The trial judge refused to :submit defendant's plea of double jeopardy -to the jury. Defendant appeals contend-ing that the failure to present his plea of ·double jeopardy to the jury constituted a ¬violation of A.R.S. § 13–1592.

Defendant argues that an unneces-sary discharge of the jury, once sworn and impaneled, operates as an acquittal of the ·defendant in a criminal case. State ex rel. Williams v. Grayson, 90 So.2d 710, 63 A.L.R.2d 777 (Fla.1956), Anno. 63 A.L.R.2d 782. Defendant relies on A.R.S. § 13–1592 which requires the trial judge to submit a ques-tion of fact arising upon a plea of double jeopardy to the jury. A.R.S. § 13–1592 does not, however, require a finding by the jury in every case in which a plea of double jeopardy is interjected. If the previous prosecution could not constitute double jeopardy as a matter of law, the trial court may so rule without presenting the plea to the trier of fact. People v. Greer, 30 Cal. 2d 589, 184 P.2d 512.

In the instant case the plea of double jeopardy did not present a question of fact. In the first trial the jury deliber-ated both before and after lunch, and at 4:55 p. m. the foreman stated to the judge that they were unable to reach a verdict. When asked whether they thought they could ultimately agree, the record shows they indicated by shaking their heads that they could not. The trial judge has author-ity to declare a mistrial and discharge the jury when "[u]pon expiration of such time as the court deems proper it appears that there is no reasonable probability that the jurors can agree upon a verdict." Rules of Criminal Procedure 302(A) (3), 17 A.R.S. In such a case the defendant is not entitled to plead double jeopardy on his subsequent prosecution. People v. Greer, supra. Under such circumstances jeopardy does not attach and "there is no limit to the

number of trials but the discretion of the court." Morgan v. State, 28 Ariz. 363, 236 P. 1112. Where the jury disagree and are discharged by the court, then the status of the case is the same as though there had been no trial at all, unless the trial court has abused its discretion in denying the plea. People v. Crooms, 66 Cal.App.2d 491, 152 P.2d 533.

The trial judge ruled correctly in refusing to submit defendant's plea of double jeopardy to the jury.

The judgment is affirmed.

UDALL, V. C. J., and LOCKWOOD, J., concurring.