400 P.2d 852

**The STATE of Arizona, Appellee,**
**v.**
**Charles ANDERS, Appellant.**
**No. 1 CA–CR 16.**

Court of Appeals of Arizona.
April 8, 1965.

182

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

H. K. Wilhelmsen, Prescott, for appellant.

DONOFRIO, Judge.

Appellant was convicted of the crime of Grand Theft, with a prior felony conviction and sentenced to serve not less than ten nor more than eleven years in the state prison.

The transcript of testimony shows that an automobile owned by the Southern Union Gas Company was stolen in the evening of August 13, 1964, while parked on a street in Prescott, Arizona. The following day, August 14, defendant, in possession of the automobile, made application to a ranger of the Grand Canyon National Park for an employee motor vehicle permit for said automobile. Later

on the same day defendant driving the automobile wrecked it near the south gate of the Grand Canyon National Park. From the scene he was taken to a hospital and later was charged with Grand Theft of said automobile. Defendant was tried before a jury and convicted.

Appellant filed his notice of appeal in propria persona and counsel who had been appointed to represent him at the trial was appointed to review the record on appeal. Counsel has read the record and does not attack the sufficiency of the evidence to support the verdict nor the manner in which the trial was conducted. We find no error in the trial.

In the written notice of appeal prepared by defendant he complains of the sentence and that he was not given sufficient time to plead to the Amended Information charging prior convictions.

The Reporter's Transcript shows that prior to the trial on October 8, 1964, defendant and counsel met in the Judge's chambers and the court allowed the filing of amendments charging the defendant with the prior convictions of Grand Theft in the Superior Court of Maricopa County, Arizona, and of Burglary in the Second Degree in the Sixth Judicial Court of Pershing County, Nevada. The following took place:

"The Court: * * * At this time, Mr. Anders, we must check as to whether or not you wish to enter a plea of guilty relative to these particular offenses.

"Mr. Wilhelmsen: On what has been stated, he could not plead guilty to the first charge.

"The Court: You would plead guilty to a prior conviction in the State of Nevada, County of Pershing, in the Sixth Judicial District, to the crime of second degree burglary?

"Mr. Anders: Yes, sir, I was convicted.

"The Court: But you claim that the alleged prior offense committed in the

State of Arizona, County of Maricopa, on the charge of grand theft, that you were never so convicted?

"Mr. Anders: I never did go to Court on it.

"The Court: I will leave it up to the County Attorney to strike that allegation.

"Mr. Walraven: We will strike the conviction.

"The Court: Let the record show the allegation relative to a prior conviction in the County of Maricopa, State of Arizona, relative to grand theft is hereby stricken from the Information. The Amended Information will now merely show a prior conviction in the State of Nevada, County of Pershing, in the Sixth Judicial Court, convicted of the crime of second degree burglary. Is that correct?

"Mr. Anders: Yes.

"The Court: I will direct that the Clerk in reading the Information only read the Information as filed, and that any mention of prior conviction not be brought to the attention of the Jury."

The above shows that the Court granted the prosecution's motion to strike the allegation relative to prior Grand Theft in Maricopa County, Arizona.

The record of the Clerk of the Superior Court shows the following:

"Thereupon the following proceedings are had in Chambers:

"Plaintiff's Motion to Amend Information is argued to the Court by respective counsel, submitted for decision, and said motion is granted by the Court.

"Thereupon the defendant is brought into Court by the Sheriff and Information as amended is stated to him by the Court. The defendant admits prior conviction for grand theft in the Superior Court of Maricopa County, Arizona, but denies charge of prior conviction for second degree burglary.

"Comes now the Deputy County Attorney and withdraws charge of prior conviction for second degree burglary in the Sixth Judicial Court of the State of Nevada."

The foregoing reflects that defendant admitted to a prior conviction of Grand Theft in Maricopa County, which charge the reporter's transcript shows was not admitted by the defendant and was stricken by the court. The record further shows that the County Attorney withdrew the charge of a prior conviction in Nevada.

■ Once charges are stricken by the court they are non-existent. In view of the ruling herein the question as to whether defendant had sufficient time to plead to the amendments now becomes moot.

On October 13, 1964, the defendant appeared before the court for sentencing and the minutes reflect the following:

"Thereupon the following sentence is pronounced by the Court and entered in the record to-wit:

"An Information was filed by the County Attorney of Yavapai County, Arizona, against you, Charles Anders, in this Court on the 24th day of August, 1964, for the crime of felony, to-wit: Grand Theft, and amended on October 8, 1964 to show prior felony conviction to which Information, after arraignment, you pleaded guilty of prior felony conviction and not guilty of felony to-wit: Grand Theft, and by a verdict of twelve good and lawful jurors you were found guilty of felony, to-wit: Grand Theft on the 9th day of October, 1964.

"Have you now anything to offer as legal cause why judgment and sentence should not be pronounced against you?

"No legal cause being by you shown, or appearing, the judgment of the Court is that you, Charles Anders, are guilty of the crime of felony to-wit: Grand Theft, and of prior felony conviction, and the judgment and sentence of the Court thereon is that you

be punished as follows to-wit: That you be confined and imprisoned in the State Prison at Florence, Arizona, for a period of not less than ten (10) years nor more than eleven (11) years and that the term of your imprisonment shall begin with the date of your incarceration in County Jail, to-wit: August 15, 1964."

Again the above minutes reflect the facts as set out in the clerk's record of the case. The formal written judgment and sentence is in accordance with these minutes.

Grand Theft is punishable by imprisonment in the state prison for not less than one nor more than *ten* years. A.R.S. § 13–671. The statutes provide for increased punishment in the event of prior convictions within and without the state. A.R.S. §§ 13–1649 and 13–1650. Undoubtedly, the court imposed the maximum sentence of eleven years under the authority of the foregoing statutes.

The Superior Court is a court of record, Arizona Constitution, Article 6, § 30, A.R.S., and the "records of the court" are of such high and supereminent authority that their truth is not to be called into question. 3 Broom & H. Comm. 21, 30; Page v. Turcott, 179 Tenn. 491, 167 S.W.2d 350. The minutes of the trial court speak for themselves, and are not, except in case of ambiguity, to be amplified or explained by extraneous evidence. Gregory v. Trousdale County, 194 Tenn. 670, 254 S.W.2d 753.

In view of the foregoing and the clerk's duty to keep the record the defendant stands legally convicted of only the crime of Grand Theft without prior conviction. Inasmuch as his sentence is greater than the maximum allowed by law for such offense, his rights have been prejudiced.

"A judgment or sentence must conform to the offense for which an accused has been charged and convicted, or to which he has entered his plea of guilty. The court cannot render judgment or pronounce sentence for another or different offense." Carlton Haney v. Frank A. Eyman, et al., 97 Ariz. 289, 291, 399 P.2d 905, 906 (March 1965)

For the reasons set forth, the case is reversed and remanded with direction that the defendant be resentenced by the court for the crime of Grand Theft in accordance with the law.

Reversed and remanded.

STEVENS, C. J., and CAMERON, J., concur.