413 P.2d 282

**STATE of Arizona, Appellee,**

**v.**

**Orlando SAIZ, Appellant.**

**No. I CA–CR 53.**

Court of Appeals of Arizona.

April 20, 1966.

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Otis D. Sullivan, Phoenix, for appellant.

CAMERON, Judge.

This is an appeal from a jury verdict and judgment of guilt to the crime of forgery in the use of a credit card. Defendant was sentenced to a term of not less than eight nor more than ten years in the Arizona State Penitentiary. Counsel on appeal was appointed pursuant to 13–161 A.R.S. No brief having been filed in defendant's behalf, this Court must search the record for fundamental error, 13–1715 A.R.S. State v. Tannahill, 1 Ariz.App. 281, 402 P.2d 29 (1965).

Defendant was represented at the trial below by different counsel. From a reading of the transcript of the trial, it would appear that we are called upon to determine the following questions: (1) Was there a proper search and seizure during the arrest of the defendant? (2) Was the information properly and timely filed? (3) Did the court err in refusing defendant's motion for a new attorney? (4) Did the court err in denying defendant's motion for a continuance of the trial?

### SEARCH AND SEIZURE

On 2 January, 1965, acting upon information received from the Chief Detective of the Western Division of the Diner's Club, two City of Phoenix police officers went to the motel room where the defendant Orlando Saiz was staying and asked him at the door to identify himself. The defendant replied that his name was Jacob M. Cline, and when asked for identification presented the credit card of Jacob M. Cline. At that point, the defendant was placed under arrest for the crime of forgery. The officers searched the defendant's person, and also entered and searched the defendant's room where they found defendant's copy of the credit card invoice for goods purchased on the said credit card.

The testimony of Jacob M. Cline at the trial indicated that this card along with other items in his card carrying case was first missed by him in Los Angeles, California, on or about 29 December, 1964. Jacob M. Cline further testified that he notified the Diner's Club by letter 30 December, 1964, of the loss of the card. The testimony of Muril Karp indicated that the defendant had purchased goods at Karp's store on said credit card and had signed the invoice on or about 2 January, 1965.

A recent Arizona case concerning the arrest of a defendant for carrying a concealed weapon held that the officer had reasonable grounds to arrest the defendant without a warrant for carrying a concealed weapon and search and seizure of the gun from her possession incident to her arrest. The court stated:

"The officers had a reasonable ground to arrest Leeper. Having good information that she was in possession of the gun, they were entitled to arrest her for carrying a concealed weapon 'without a warrant at any time of the day or night,' A.R.S. § 13–911 (B)."

"As an incident of a legal arrest the search was lawful and not within the ambit of the Fourth Amendment of the U. S. Constitution." State v. Randall, 94 Ariz. 417, 419, 385 P.2d 709 (1963).

In the instant case, the officers had a description of the defendant, and the as-

sistance of the detective from the Diner's Club. They had reasonable grounds to arrest the defendant Saiz when the defendant produced a credit card in the name of Jacob M. Cline as identification. The arrest being lawful, the search and seizure incident thereto was also lawful. State v. Baca, 1 Ariz.App. 16, 398 P.2d 924 (1965).

## INVALID INFORMATION

The defendant next contends that the information was invalid in that the information was not filed within the proper time following his arrest. The record before this Court shows that a criminal complaint was signed and filed on 5 March, 1965, charging Orlando Saiz with the crime of forgery. Preliminary hearing was held the same day, and the defendant was held to answer, and an information was filed on 30 March, 1965. The defendant was arraigned on 12 April, 1965, counsel appointed, the matter was set for trial 14 May, 1965, and trial was held 24 May, 1965. Nothing in the record contained herein would indicate any defect in time or form of the complaint, information and trial.

It is the contention of the defendant, based upon statements made by him and his attorney, as reported in the trial transcript, that the defendant was arrested on 2 January, 1965, and after being detained in custody was released as a result of a writ of habeas corpus granted in March, 1965. Thereafter he was arrested and arraigned in the present action and held in custody until trial could be had. Although the testimony would indicate that defendant was first arrested on 2 January, 1965, the record is silent as to what occurred between that date and 5 March, 1965. We will presume no error where none has been indicated, nor will we go behind the record in an attempt to discover error. Mantovani v. Green, 90 Ariz. 376, 368 P.2d 448 (1962) and State v. Edwards, 1 Ariz.App. 42, 399 P.2d 176 (1965).

## FAILURE TO SUBSTITUTE COUNSEL

Trial was held commencing 24 April, 1965, and before a trial could start the defendant, Orlando Saiz, filed a motion asking that his attorney be withdrawn as counsel in the aforementioned case. The court denied the motion and the defendant, Orlando Saiz, filed an "affidavit of protest" which reads as follows:

"Comes now Jacob Cline the above named defendant in the above entitled cause and respectfully informs the above entitled court that he is proceeding to trial with one Robert B. Hunter only under protest and against his will, as it is defendant's wish that the aforementioned Robert B. Hunter be withdrawn as attorney of record and substituted by additional counsel for reasons and upon the grounds as stated in the defendant's previously filed motion titled 'Motion to Withdraw' which is denied by the above entitled court.

"On the 24th day of May, 1965, exception was taken by the defendant.

Respectfully submitted,
/s/ Jacob Cline"

It should be noted that the defendant was represented by counsel at the preliminary hearing other than the counsel who represented him at the trial, and it should also be noted that defendant had from 12 April, 1965, (the date of the arraignment) until the day of trial to request a change of counsel. The right of defendant to have a court appointed attorney represent him upon finding that he is indigent and unable to employ same does not give the indigent defendant the right to select any attorney he wishes or to abuse the efforts of the court to provide him with competent counsel. In the instant case, a review of the reporter's transcript discloses that defendant was well represented at the trial by his court appointed attorney. Having failed to timely make this request for change of counsel to the court, and having failed to show any reason for a change of counsel, we do not feel that it was error for

the court to deny the request of the defendant.

## CONTINUANCE

■ The defendant next contends that the trial should have been continued in order for him to produce a certain witness. The testimony as reported in chambers went as follows:

"Mr. Saiz: Another thing would be the way, now the way the situation was that I didn't even have a chance to get a witness here for me. Now, they didn't notify me till last night that the court was this morning. It was not possible for me to write a letter for a witness on my behalf.

"The Court: What witness did you have?

"Mr. Saiz: I had a witness in mind, Your Honor.

"The Court: You had one in mind. Who is it?

"Mr. Saiz: He is an acquaintance of mine, Your Honor.

"The Court: What's his name?

"Mr. Saiz: He is not—I am not at present going to give his name because, for the reason he did not, he is in California and he cannot be brought here, but it is, with due time he could have. If I had been given proper time to lay some sort of foundation for this trial because there wasn't no time given to me. Last night they let me know."

Rule 244, Rules of Criminal Procedure, 17 A.R.S., provides the basis for a motion for continuance on the ground that a witness is absent. The defendant Saiz not only failed to comply with this rule, but refused to provide the court with information which might have brought defendant's motion within the purview of this rule. We do not think it was error to deny the motion at the time it was made. Our Supreme Court has indicated that the granting of a continuance is discretionary with the trial court, and is not grounds for reversal unless there is a clear showing of abuse of discretion.

Hunter v. State, 43 Ariz. 269, 30 P.2d 499 (1934).

We have searched the record and have been unable to find any fundamental error. Judgment and sentence are affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.