422 P.2d 699

**STATE of Arizona, Appellee,**

v.

**Edith Kathryn HASSMAN, Appellant.**

**No. 1731.**

Supreme Court of Arizona,
In Banc.
Jan. 25, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, for appellee.

Anthony B. Ching, Tucson, for appellant.

LOCKWOOD, Justice:

Appointed counsel has notified this Court by written communication that he has searched the record and has found no grounds for taking an appeal. Pursuant to A.R.S. § 13–1715 we have reviewed the entire record for fundamental error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964).

In a criminal matter the record on appeal will be viewed in the light most favorable to upholding the verdict below. State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965). The defendant, who was charged with murder, was the victim's wife. On the second day after the killing she contacted a lawyer and on his advice turned herself over to the police. Upon being interrogated by the police, she admitted the killing. On the trial the statement was admitted in evidence after a finding of voluntariness by the judge. The defendant took the stand in her own defense, admitted the killing, and attempted to prove self-defense. Evidence was introduced to show that the victim had four bullet holes in his body, each the result of a separate slug. There was also evidence introduced tending to show that the victim, after being shot, landed face down on the floor; then the fatal bullet was administered through the back, perforating the heart. Defendant testified that before the killing her husband had been drinking. After she had gone to bed he awakened her and acted in such a manner as to place her in fear of severe bodily injury.

The jury was instructed that on the facts of the case they could find the defendant guilty of either first or second degree murder or of voluntary manslaughter. They were further instructed that if they found that the defendant was in fear of imminent severe bodily harm from the victim and that she used only the necessary force to repel the attack under the circumstances then the killing would be justifiable. On the basis of these instructions the jury returned a verdict finding defendant guilty of second degree murder. Upon this verdict defendant was sentenced to from fifteen years to life in the state prison.

Finding no reversible error, the judgment is affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.