446 P.2d 244

**The STATE of Arizona, Appellee,**

v.

**John W. STOTTS, Jr., Appellant.**

**No. 2 CA–CR 127.**

Court of Appeals of Arizona.

Oct. 29, 1968.

Rehearing Denied Nov. 22, 1968.

Review Denied Dec. 24, 1968.

---

4. General Appropriation Act, Laws 1968, Ch. 206, subdivision 44.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Carl Waag, Asst. Atty. Gen., for appellee.

Ralph E. Seefeldt, Tucson, for appellant.

MOLLOY, Judge.

This appeal questions the propriety of failing to instruct a jury in a criminal action that, before there could be conviction on circumstantial evidence, each fact essential to complete a chain of circumstantial evidence must be established beyond a reasonable doubt and such evidence must exclude every rational hypothesis of innocence.

The defendant was charged with burglary and grand theft and convicted on both counts. The evidence establishes that the defendant was in the victim's home as a guest on the day preceding the offense. Two days later, he was apprehended in Dallas, Texas, after a high-speed chase by police officers, in the victim's automobile. At the time of his arrest, the defendant had a gasoline credit card of the victim in his possession. After his arrest, he was interrogated by a Dallas detective, who, previous to the interrogation, fully advised the defendant of his *Miranda* rights. At this interview, the defendant confessed to the crimes and informed the detective that items taken in the burglary could be recovered from two different pawn shops in Dallas. The stolen property was recovered at these pawn shops and introduced into evidence at this trial.

The question of whether the confession to the detective was voluntary was first tried to the court and was then submitted to the jury under appropriate instructions. The defendant requested a Hodge's Rule instruction,[1] and, in the alternative, an instruction to the effect that, if the jury was not convinced that the defendant's confession was voluntary, then it should not convict on circumstantial evidence unless all facts essential to the chain of evidence were proved beyond a reasonable doubt.

The State again attacks the Hodge's Rule instruction as being unnecessary in any case but this court must treat this argument as it did in State v. Woody, 7 Ariz. App. 26, 435 P.2d 861 (1967). It is not the prerogative of this court to overrule decisions of our Supreme Court.

However, in the context at hand, we see no error in refusing the defendant's instructions. Our Supreme Court has ruled that a confession is direct evidence of guilt. State v. Maynard, 101 Ariz. 239, 418 P.2d 576 (1966). When there is substantial "direct" evidence of guilt, it is our view that it is not error to refuse to give special instructions qualifying the effect of circumstantial evidence. See State v. McCormick, 7 Ariz.App. 576, 442 P.2d 134 (1968).

As for the alternative instruction, in the event the jury should determine the confession to be involuntary, we find nothing beyond conjecture upon which a jury could base a finding of involuntariness. The de-

---

1. This limitation upon the effectiveness of circumstantial evidence appears to have been first announced as a rule of instruc- tion in Hodge's Case, 2 Lewin 227, 168 Eng.Rep. 1136 (1838).

tective, who interviewed the defendant, testified in detail as to the manner of taking the defendant's statement. His testimony would only tend to indicate defendant's statements were freely and voluntarily given and that assistance of counsel was waived.

This testimony was given both in the trial to the court on the question of voluntariness, and in the main trial to the jury. In the trial to the court, the defendant took the stand and differed with the detective's version in his testimony to the effect that he had been promised that certain traffic offenses would be dismissed if he "cooperated" with the police. After listening to this testimony, the trial court found the confession to be voluntary. In the trial to the jury, the defendant never took the stand, and the testimony of the detective thus remained unchallenged.

■ Inasmuch as the question on voluntariness was submitted to the jury, it would have been better practice to have given the alternative instruction, but, under the circumstances here, we see no prejudicial error. Constitutional mandate proscribes reversal for technical error. Ariz. Const. art. 6, § 27, A.R.S. as amended. We see no reasonable probability that the verdict would have been different if this instruction had been given. State v. Brooks, 103 Ariz. 472, 445 P.2d 831 (No. 1781, Oct. 9, 1968), and see State v. Dutton, 83 Ariz. 193, 200, 318 P.2d 667, 671 (1957). The question presented is not a Bill of Rights one, but rather a rule of instruction in which our state law sets a higher standard. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).[2] Even under the harmless-beyond-a-reason-

able-doubt test of prejudiciality as set forth in Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), our view that the error committed was not prejudicial would be the same.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

**2.** In *Holland,* the Supreme Court of the United States labeled an instruction that circumstantial evidence must exclude every reasonable hypothesis of innocence as " * * * confusing and incorrect, * * * " 75 S.Ct. at 137. Generally, in the federal courts, the view that "circumstantial" evidence must meet some special test not applicable to "direct" evidence is discounted. See United States v. Press, 336 F.2d 1003 (2d Cir. 1964), cert. denied

sub nom. Fry v. United States, 379 U.S. 973, 85 S.Ct. 670, 13 L.Ed.2d 563 (1965); Giragosian v. United States, 349 F.2d 166 (1st Cir. 1965); United States v. Ragland, 306 F.2d 732 (4th Cir. 1962), cert. denied, 371 U.S. 949, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963); United States v. Conti, 339 F.2d 10 (6th Cir. 1964); and McCoy v. United States, 169 F.2d 776 (9th Cir. 1948).