707 P.2d 329

STATE of Arizona, Appellee,

v.

James C. LITTLETON, Appellant.

No. 1 CA–CR 8096.

Court of Appeals of Arizona, Division 1, Department B.

June 6, 1985.

Reconsideration Denied Aug. 5, 1985.

Review Denied Oct. 16, 1985.

Roderick G. McDougall, Phoenix City Atty. by Rene Rebillot, Asst. City Pros., Phoenix, for appellee.

**532**

Machmer, Schlosser & Meitz, Ltd. by Robert H. Schlosser, Phoenix, for appellant.

## OPINION

HAIRE, Judge.

On March 5, 1984, the appellant was found guilty of reckless endangerment in violation of A.R.S. § 13–1201(A), a class 1 misdemeanor, in Phoenix City Court. On that same day, sentence of a five day jail term and a fine was imposed.

Appellant filed a notice of appeal to superior court on March 9, 1984. On April 19, 1984, the superior court entered an order dismissing the appeal based upon the alleged failure of the appellant to arrange for the filing of appropriate transcripts. On April 24, 1984, appellant filed a "Motion to Reconsider" which was denied by the superior court on May 14, 1984. Notwithstanding this denial, the appellant did not immediately appeal to this court, but instead filed, on May 23, 1984, a second motion in the superior court entitled "Motion for Rehearing." This motion was denied on June 18, 1984, and appellant thereafter filed, on July 3, 1984, a notice of appeal to this court.

The state argues that this court lacks jurisdiction to consider this appeal under A.R.S. § 22–375, or, in the alternative, that the appeal should be affirmed on the merits of the due process issues raised in appellant's opening brief. After reviewing the record, we have determined that the appeal was not timely filed and, accordingly, that the appeal must be dismissed.

Appellant's motion to reconsider filed on April 24, 1984, urged that appellant had made appropriate arrangements for a transcript and that dismissal was erroneous. A hearing was held, and on May 14, 1984, the motion to reconsider was denied. Appellant then filed a second motion, purportedly pursuant to Rule 13 of the Superior Court Rules of Appellate Procedure—Criminal, restating the earlier argument and adding that the rule governing preparation of the record in lower court appeals denied him

due process of law. The city responded that appellant's earlier motion was tantamount to a Rule 13 motion for rehearing and that he could not file the same motion twice. After a hearing on this motion, it was denied on June 18, 1984. As indicated, appellant then filed a notice of appeal to this court. Under Rule 13(b), Superior Court Rules of Appellate Procedure—Criminal, any appeal beyond the superior court in this matter is governed by the procedures set forth in Rule 31, Arizona Rules of Criminal Procedure. Accordingly, pursuant to Rule 13.3, appellant's notice of appeal must have been filed within 20 days after the entry of the order dismissing his appeal, unless the time was somehow extended. Unlike the rules governing civil appeals from the superior court, *see* Rule 9(b), Arizona Rules of Civil Appellate Procedure, there are no provisions in Rule 31 itself which extend the time for the filing of a notice of appeal in criminal matters. Therefore, since appellant's notice of appeal was filed almost three months after entry of the superior court's order of dismissal, it was clearly untimely as an appeal from that order.

We note that Rule 13(a), Superior Court Rules of Appellate Procedure—Criminal, authorizes the filing of a motion for rehearing of a decision of the superior court which finally disposes of the case. Such motion, however, must be filed within ten days after the service of the superior court's order. The only motion filed by appellant which met this filing requirement was his motion for reconsideration filed on April 24, 1984. The superior court entered its order denying that motion on May 14, 1984. Appellant's notice of appeal was not filed until July 3, 1984. Accordingly, the notice of appeal was not timely insofar as concerns the superior court's denial of that motion.

We consider next appellant's second motion, the "Motion for Rehearing" filed by appellant on May 23, 1984. Since that motion was not filed within ten days from the service of the order of dismissal, it clearly was not a motion authorized by Rule 13(a),

Superior Court Rules of Appellate Procedure—Criminal, nor do we find any other provision in the superior court rules which would authorize the filing of such a motion.

In situations where no specific rule governs, the Arizona Rules of Criminal Procedure apply insofar as such rules are practicable. Rule 1(b), Superior Court Rules of Appellate Procedure—Criminal. Rule 31.-18 of the Arizona Rules of Criminal Procedure does authorize the filing of a motion for reconsideration, but expressly precludes the filing of a motion for reconsideration of an order denying a motion for reconsideration. Rule 31.18(d), Arizona Rules of Criminal Procedure. Therefore, if we assume that appellant's "Motion for Rehearing" filed on May 23, 1984 was intended as a motion seeking rehearing or reconsideration of the order denying his prior motion for reconsideration, it was an unauthorized motion, and could not preserve for review the superior court's previous order of April 19, 1984 dismissing the appeal, or its order of May 14, 1984, denying appellant's timely filed post-dismissal motion.

■ In summary, appellant's first motion filed on April 24, 1984 was essentially a motion for rehearing under Rule 13 and was the only post-decision motion to which he was entitled. As his notice of appeal was filed 50 days after the denial of this motion, the appeal was not timely filed. Rule 31.3, Arizona Rules of Criminal Procedure. The filing of a timely notice of appeal is essential to the exercise of jurisdiction by this court. *State v. Berry*, 133 Ariz. 264, 266, 650 P.2d 1246, 1248 (App. 1982). The filing of the second motion, an unauthorized pleading, did not extend the time for filing a notice of appeal in the absence of a rule so providing. *Berry, supra*, at 267, 650 P.2d 1246.

The appeal is dismissed.

KLEINSCHMIDT, P.J., and OGG, J., concur.