211 P.3d 1193

**The STATE of Arizona, Appellee,**

v.

**Angel Eleuterio DIAZ, Appellant.**

**No. 2 CA–CR 2008–0051.**

Court of Appeals of Arizona,
Division 2, Department B.

April 7, 2009.

Opinion Denying Reconsideration
and Motion to Supplement
Record May 29, 2009.

Terry Goddard, Arizona Attorney General by Kent E. Cattani and Kathryn A. Damstra, Tucson, Attorneys for Appellee.

Robert J. Hirsh, Pima County Public Defender by David J. Euchner, Tucson, Attorneys for Appellant.

## OPINION

BRAMMER, Judge.

¶ 1 After a mistrial due to a hung jury, appellant Angel Diaz was tried and convicted of first-degree burglary, attempted armed robbery, and aggravated assault. Diaz asserts the trial court abused its discretion during the first trial in denying his motion for judgment of acquittal on the aggravated assault charge of which he was found guilty at his second trial. He further contends only eleven jurors participated in the determination of his guilt, violating his right to a twelve-person jury. Agreeing with his latter contention, we reverse Diaz's convictions and remand the case for a new trial.

## Factual and Procedural Background

¶ 2 On appeal, we view the facts in the light most favorable to sustaining Diaz's convictions, see State v. Haight–Gyuro, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App.2008), but relate here only those facts relevant to our disposition of his appeal. In July 2000, armed with a gun, Diaz forcibly entered a home occupied by an extended family and a friend of theirs. He beat one occupant, R., and demanded money from another, J. Based on this incident, a grand jury charged Diaz with possession of a prohibited weapon, first-degree burglary, attempted armed robbery of J., aggravated assault of four adults including R., and aggravated assault of two minors under the age of fifteen. After a four-day trial, a jury acquitted Diaz of both charges of aggravated assault of a minor. Because the jury was unable to reach a verdict on the remaining charges, the trial court declared a mistrial as to those.

¶ 3 A second, four-day trial was held on the remaining charges, and the jury found Diaz guilty of first-degree burglary, aggravated assault of R., and attempted armed robbery of J., all dangerous-nature offenses. The jury acquitted him of the three remaining aggravated assault charges and the weapons charge. The trial court sentenced Diaz to mitigated, concurrent terms of imprisonment totaling seven years. This appeal followed.

## Discussion

### Motion for judgment of acquittal

¶ 4 During his first trial, Diaz moved for a judgment of acquittal on the count charging him with the aggravated assault of R. and now asserts the court erred in denying his motion. But, because the jury was unable to reach a verdict regarding his alleged aggravated assault of R., Diaz's first trial ended in a mistrial on that charge.[1] See Ariz. R.Crim. P. 22.4. "Where the jur[ors] disagree and are discharged by the court, then the status of the case is the same as though there had been no trial at all" on the charges as to which the jurors could not agree. State v. Woodring, 95 Ariz. 84, 86,

386 P.2d 851, 852 (1963); cf. State ex rel. Sullivan v. Patterson, 64 Ariz. 40, 45, 165 P.2d 309, 312 (1946) (mistrial renders "entire proceedings ... a nullity"). Because the declaration of a mistrial had the effect of nullifying all trial proceedings related to the alleged aggravated assault of R., including those pertaining to Diaz's motion for a judgment of acquittal, it is as if they had never happened, and there is nothing for us to review. See Woodring, 95 Ariz. at 86, 386 P.2d at 852. We, therefore, do not address the issue further.

### Twelve-person jury

¶ 5 On the first day of the second trial, the court empaneled fifteen jurors, designating three of them as alternates. After closing arguments, the court excused the three alternates and instructed the jurors that "[a]ll 12 of you must agree on a verdict." The twelve jurors began deliberations but did not reach a verdict before court adjourned at the end of the day. The jury reconvened the next day and resumed deliberations, but the record is silent regarding whether all twelve jurors were in attendance. When the jury returned its verdicts, the court noted "the presence of the jury" and sua sponte polled the jury, confirming the polled jurors agreed with the verdicts the foreperson had delivered. According to the trial transcripts, however, only eleven jurors were polled.

¶ 6 Diaz asserts all twelve jurors did not participate in the determination of his guilt, resulting in fundamental error. Because he did not raise this argument in the trial court, we review it only for fundamental, prejudicial error. See State v. Henderson, 210 Ariz. 561, ¶¶ 19–20, 115 P.3d 601, 607 (2005); State v. Price, 218 Ariz. 311, ¶ 10, 183 P.3d 1279, 1282 (App.2008). In fundamental error review, the defendant bears the burden of persuasion and must first establish that an error occurred. See Henderson, 210 Ariz. 561, ¶¶ 19–20, 23, 115 P.3d at 607, 608. A defendant fails to meet his burden to prove error when "the record on appeal contains evidence that reasonably supports a finding"

1. Diaz does not contend the trial court erred in declaring the mistrial.

that no error occurred. *State v. Avila*, 217 Ariz. 97, ¶ 12, 170 P.3d 706, 709 (App.2007). If the defendant succeeds in establishing error, he must also prove the error was fundamental and prejudiced him. *See Henderson*, 210 Ariz. 561, ¶¶ 19–20, 115 P.3d at 607.

¶ 7 "It is well-settled that a 12-person jury is required if a defendant's cumulative possible sentence totals 30 years or more." *State v. Luque*, 171 Ariz. 198, 200, 829 P.2d 1244, 1246 (App.1992); *see* Ariz. Const. art. II, § 23; A.R.S. § 21–102(A); *State v. Henley*, 141 Ariz. 465, 469, 687 P.2d 1220, 1224 (1984). Conviction based on a finding of guilt by fewer than the twelve jurors to which a defendant is entitled constitutes fundamental, prejudicial error. *Price*, 218 Ariz. 311, ¶ 10, 183 P.3d at 1282; *see Henley*, 141 Ariz. at 469, 687 P.2d at 1224. When such error has occurred, we must remand the case for a new trial on the charges of which the defendant was convicted "to vindicate his constitutional right" to a twelve-person jury. *State v. Pope*, 192 Ariz. 119, ¶ 12, 961 P.2d 1067, 1069 (App.1998); *see Henley*, 141 Ariz. at 469, 687 P.2d at 1224.

¶ 8 The state concedes Diaz was entitled to a twelve-person jury.[2] Nonetheless, it contends that, although the trial court polled only eleven jurors, "[Diaz] was unanimously found guilty by a 12–person jury." In support of its contention, the state points out that "twelve jurors retired to deliberate" on the third day of trial. When the jury returned its verdicts the following day, the court noted "the presence of the jury," and the polled jurors each confirmed they agreed with the verdicts. The state further argues that, had only eleven jurors delivered the verdicts the following day, "one would expect someone among the eleven jurors, defense counsel, [Diaz], the prosecutor, the judge, the court clerk, the bailiff, and the court reporter to have noticed and questioned the absence of one of the jurors." Thus, the state reasons, the record does not suggest Diaz's right to a twelve-person jury was compromised but, rather, merely reflects the court report-

er's "failure to re[cord] the polling of one juror." Relying on *State v. Greer*, 190 Ariz. 378, 948 P.2d 995 (App.1997), the state concludes such an error is harmless.

¶ 9 The state's reliance on *Greer* is misplaced, however. In *Greer*, the court reporter had failed to transcribe the answers of each juror as he or she was polled, instead merely noting parenthetically that the jury had been polled. 190 Ariz. at 380, 948 P.2d at 997. On appeal, the defendant argued the omission from the transcript had deprived him of his right to poll the jury. *Id.; see* Ariz. R.Crim. P. 23.4. Division One of this court affirmed Greer's convictions, finding the omission harmless because the trial court's minute entry "adequate[ly] record[ed]" that the court had polled the jury and that the jurors had confirmed the unanimity of the verdict. *Greer*, 190 Ariz. at 381, 948 P.2d at 998.

¶ 10 The defendant in *Greer* did not dispute that a full jury had participated in the determination of his guilt. 190 Ariz. at 380–81, 948 P.2d at 997–98. Rather, Greer merely contended the failure to transcribe the polling procedure deprived him of his right to poll the jury to confirm the unanimity of the verdict. *Id.* That, of course, is not the case here; whether all twelve jurors participated in deliberating and determining his guilt is the crux of Diaz's argument. The state's attempt to analogize this case to *Greer* rests on the premise that twelve jurors were, in fact, present and that the transcript, therefore, merely reflects the court reporter's failure, as in *Greer*, to accurately record the polling of the jury.

¶ 11 On the record before us, however, we cannot conclude all twelve jurors participated in the determination of Diaz's guilt. At the outset, we must view the record on appeal and all reasonable inferences therefrom in the light most favorable to sustaining Diaz's convictions. *See State v. Hassman*, 101 Ariz. 583, 583, 422 P.2d 699,

**2.** In his second trial, Diaz faced charges of first-degree burglary, attempted armed robbery, possession of a prohibited weapon, and four counts of aggravated assault with a deadly weapon. The aggravated assault charges alone exposed Diaz to a possible sentence totaling sixty years' imprisonment. *See* A.R.S. § 13–1204(A)(2) and (B); 2008 Ariz. Sess. Laws, ch. 24, § 1; *see also* A.R.S. § 13–116.

699 (1967). When portions of the record are missing on appeal, we presume the missing portions support the trial court's actions. *See State v. Printz,* 125 Ariz. 300, 304, 609 P.2d 570, 574 (1980). But, when all portions of the record are accounted for, we presume the record accurately reflects the proceedings in the trial court. *See State v. Anders,* 1 Ariz.App. 181, 184, 400 P.2d 852, 855 (1965); *cf. Palmer v. Superior Court,* 114 Ariz. 279, 280, 560 P.2d 797, 798 (1977) ("The record in a court of record is the highest evidence of what was done and it is conclusive unless attacked for fraud."). We generally will presume no error has occurred and that the jury followed all instructions the trial court gave it in the absence of any suggestion in the record to the contrary. *See State v. Ramirez,* 178 Ariz. 116, 127, 871 P.2d 237, 248 (1994); *State v. Saiz,* 3 Ariz.App. 223, 225, 413 P.2d 282, 284 (1966). However, we may not indulge in presumptions or inferences wholly contradicted by the record.

¶ 12 In this case, the record is not silent regarding the error Diaz alleges— the transcript of the jury poll reflects that only eleven jurors determined his guilt. *See Saiz,* 3 Ariz.App. at 225, 413 P.2d at 284. No portions of the record are missing, nor do other facts appear in the record from which we could reasonably infer that all twelve jurors, in fact, returned the verdicts. *See Anders,* 1 Ariz.App. at 184, 400 P.2d at 855. Although the record indicates twelve jurors retired to deliberate on the third day of trial, nothing other than the jury poll indicates how many jurors returned to deliberate and render the verdicts the following day. Indeed, the jury polling, an event that occurs immediately after the jury has concluded its deliberations and returned a verdict, may often be the only direct evidence informing a reviewing court whether a defendant was found guilty by the required number of jurors, because "one important purpose served by conducting a poll is to assure there is a sufficient number of jurors expressing their individual agreement with the verdict, as read in court, to render the verdict valid." *Sandford v. Chevrolet Div. of Gen. Motors,* 52 Or.App. 579, 629 P.2d 407, 411 (1981), *aff'd,* 292 Or. 590, 642 P.2d 624, 637 (1982) (confirming jury poll "designed to test the numerical validity of a verdict"); *see* Ariz. Const. art. II, § 23; § 21–102(A). In *Sandford,* the Oregon Court of Appeals noted that the source of a party's right to poll the jury was Rule 59(G)(3) of the Oregon Rules of Civil Procedure, *see* 629 P.2d at 411, a rule substantively similar to Arizona's rules providing for jury polling in both criminal and civil cases. *See* Ariz. R.Crim. P. 23.4; Ariz. R. Civ. P. 49(f). In civil cases in Arizona where the verdict is not unanimous, each juror agreeing with the verdict must sign it, Ariz. R. Civ. P. 49(a), a procedure that serves much the same purpose as the jury poll. *See United States v. Causor–Serrato,* 56 F.Supp.2d. 1092, 1094–95 (N.D.Iowa 1999). As is true for jurors in civil actions in Oregon, each juror in a criminal case in Arizona is not required to sign the verdict; therefore, the jury poll is the only formal mechanism for confirming that the required number of jurors rendered it. *See* Or. R. Civ. P. 59; Ariz. R.Crim. P. 23.1(a). Further, because only the jury foreperson signs the verdict, polling the jury also serves to confirm each individual juror's assent to the verdict. *See State v. Kiper,* 181 Ariz. 62, 68, 887 P.2d 592, 598 (App.1994).

¶ 13 Contrary to the state's and the dissent's assertion, the facts that the trial court noted the presence of "the jury" on the day it resumed deliberations and reached its verdicts and that the polled jurors affirmed their verdicts were unanimous say nothing about the number of jurors present. Nor do they contradict the transcript's statement that "the jury" returning the verdicts consisted of the eleven jurors polled. Despite the dissent's suggestion to the contrary, we may not presume the jurors followed the court's instruction that all twelve of them must decide and deliver the verdicts, because the record contains "some evidence to the contrary." *Ramirez,* 178 Ariz. at 127, 871 P.2d at 248 (presumption jury followed instructions overcome by facts in record suggesting otherwise).

¶ 14 In the face of a transcript showing only eleven jurors determined Diaz's guilt, and in the absence of other facts supporting the inferences that twelve jurors actually participated in that determination and that

the transcript merely reflects a polling error or an inadvertent omission by the court reporter, we cannot conclude "the record on appeal contains evidence that reasonably supports a finding" that twelve jurors delivered the verdicts here.[3] *Avila*, 217 Ariz. 97, ¶ 12, 170 P.3d at 709. Nor may we accept the state's invitation to conclude, despite the clear record, that twelve jurors must have determined Diaz's guilt because, had only eleven returned the verdicts, surely someone present would have raised the issue immediately. To indulge in such speculation would undermine the presumption of the record's accuracy based solely on our intuitive incredulity that such an error could have occurred. *See Anders*, 1 Ariz.App. at 184, 400 P.2d at 855; *cf. Nelson v. Indus. Comm'n*, 134 Ariz. 369, 376, 656 P.2d 1230, 1237 (1982) ("Reasonable inferences from the [record] will be supported, but speculation based on nothing in the record cannot be indulged."). Furthermore, although we are troubled by the fact the trial court might have been able to resolve the question before us had Diaz, or anyone else, raised it below, to conclude that no error occurred simply because no one raised the issue below would obviate all need for fundamental error review. *See Price*, 218 Ariz. 311, ¶ 10, 183 P.3d at 1282 (when issue not raised in trial court, we review for fundamental error whether defendant denied right to twelve-person jury).

¶ 15 Because we must presume the accuracy of the record on appeal, *see Anders*, 1 Ariz.App. at 184, 400 P.2d at 855, and because the denial of Diaz's right to a twelve-person jury constitutes fundamental, prejudicial error, we reverse Diaz's convictions of first-degree burglary, aggravated assault of R., and attempted armed robbery of J., and remand the case for a new trial on those

charges.[4] *See Price*, 218 Ariz. 311, ¶ 10, 183 P.3d at 1282; *Henley*, 141 Ariz. at 469, 687 P.2d at 1224.

CONCURRING: PETER J. ECKERSTROM, Presiding Judge.

HOWARD, Judge, dissenting.

¶ 16 I must respectfully dissent. Diaz has failed to carry his burden to show that fundamental error occurred because, he claims, he was deprived of the required twelve-person jury. He relies solely on the transcript of the jury poll, which omits juror number six from the poll.

¶ 17 Diaz did not object to the alleged absence of a juror below and bears "the burden of persuasion" to show that fundamental error occurred. *State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). The statement from *State v. Avila*, 217 Ariz. 97, ¶ 12, 170 P.3d 706, 709 (App.2007), does not shift or lessen Diaz's burden to affirmatively persuade this court that fundamental error occurred.

¶ 18 The record shows that the jurors were present during closing argument and that they were instructed: "All 12 of you must agree on a verdict. All 12 of you must agree whether the verdict is guilty or not guilty." The record further shows, "[t]he jury retires to begin deliberations" and later that "[t]he jury resumes deliberations." It then shows, "[t]he Court is informed by the jurors through their foreperson, [juror number nine,] that they have reached verdicts in this case." Before the verdicts were read aloud, the trial court stated: "The record may show the presence of the jury, presence of counsel, presence of the defendant." However, in the transcript of the polling of the jury, juror

---

3. We emphasize that we cannot assume, when the only evidence in the record suggests the contrary, that the error was merely one of incomplete polling or an inaccurate transcript. To presume such irregularity would be contrary to our presumption of the record's accuracy and inconsistent with an orderly functioning judiciary. *See Anders*, 1 Ariz.App. at 184, 400 P.2d at 855; *cf. Palmer*, 114 Ariz. at 280, 560 P.2d at 798.

4. We do not vacate the jury's verdicts acquitting Diaz of three aggravated assaults and possession

of a prohibited weapon because, unlike conviction based on a finding of guilt by less than twelve jurors, acquittal by less than twelve jurors, although error, does not prejudice the defendant. *See Henley*, 141 Ariz. at 468–69, 687 P.2d at 1223–24 (reversal required only " 'where the fundamental error harms the defendant' "), *quoting State v. Sorrell*, 132 Ariz. 328, 329, 645 P.2d 1242, 1243 (1982); *see also Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at 607. The state, moreover, did not raise this issue in the trial court or on appeal.

number six is omitted from the jury poll. The record does not show that this juror was excused or absent at any time.

¶ 19 The flaw in Diaz's argument is that the transcript of the polling proves only a defect in the polling, or possibly in the transcript, but it does not reflect a defect in the deliberations. Diaz suggests this court should infer that, because juror number six was omitted from the poll, she was also omitted from the deliberations. " 'An inference is a fact which may be presumed from the proof of the existence or non-existence of other facts. It is a conclusion from a proven fact o[r] facts.' " *Martin v. Schroeder*, 209 Ariz. 531, ¶ 15, 105 P.3d 577, 581 (App.2005), *quoting Buzard v. Griffin*, 89 Ariz. 42, 48, 358 P.2d 155, 159 (1960) (alteration in *Martin*). In the absence of any objection by Diaz to an insufficient number of jurors or any mention by the trial court or prosecutor of such an unusual situation, one juror's omission from the poll does not prove that only eleven jurors deliberated. The reasonable inference is that twelve jurors decided Diaz's guilt and juror number six was not polled.

¶ 20 This inference does not undermine the presumption of the record's accuracy but rather recognizes the correctness of each portion of the record, including those that show the presence of the jury during deliberations, which Diaz's argument does not do. *See Palmer v. Superior Court*, 114 Ariz. 279, 280, 560 P.2d 797, 798 (1977) (record "highest evidence" of what was done). Additionally, *Sandford v. Chevrolet Div. of Gen. Motors*, 52 Or.App. 579, 629 P.2d 407, 411 (1981), *aff'd*, 292 Or. 590, 642 P.2d 624 (1982), does not support Diaz's position. Rather it stands for the unremarkable proposition that, in a civil case allowing for a nonunanimous verdict in which a jury poll is requested, the poll's purpose is to insure that a sufficient number of jurors express their "individual agreement with the verdict." *Id. Sandford* does not state the purpose is to insure that the correct number of jurors deliberated. And it does not tell us anything about whether an unobjected-to defect in polling the jury should be considered fundamental error in a criminal case.

¶ 21 Diaz has failed to carry his burden of persuasion. *See Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d at 607. The record demonstrates that the trial judge, the attorneys, and the jurors themselves knew that twelve jurors were necessary and that twelve in fact deliberated. And the clerk's omission of one juror from the court's sua sponte polling of the jury would not constitute fundamental error in this case. Therefore, I would affirm Diaz's convictions and sentences.

## SUPPLEMENTAL OPINION

BRAMMER, Judge.

¶ 1 On April 7, 2009, we issued our opinion reversing Angel Diaz's convictions for first-degree burglary, attempted armed robbery, and aggravated assault. *State v. Diaz*, No. 2 CA–CR 2008–0051, ¶ 15, 221 Ariz. 209, 211 P.3d 1193, 2009 WL 922476 (Ariz.Ct.App. April 7, 2009). Relying on the trial transcript showing only eleven jurors had returned the verdicts against Diaz, we concluded he had been deprived of his right to a twelve-person jury. *Id.* ¶ 14. Approximately one week later, court reporter Deborah Moore filed with this court a "corrected transcript," attempting to modify the trial transcript of the jury poll to show that twelve jurors had, in fact, delivered the verdicts. In an affidavit submitted with the transcript, Moore stated that, three days after we issued our opinion, she had "received a call from [the state's appellate counsel] requesting [Moore to] check [her] notes to see perhaps if there was an error in the transcription" of the jury poll. We asked the parties to file supplemental briefs suggesting what action, if any, this court should take in response to Moore's filings. We also held oral argument on the matter.

¶ 2 The state contends that, in light of the modified transcript, "this Court should vacate its opinion and issue a memorandum decision finding that [Diaz] has not borne his burden of proving only eleven jurors convicted him." Diaz asserts we should ignore Moore's filings and decline the state's request to reconsider our decision, because any attempt to amend the record after we have

issued our opinion is untimely. We agree with Diaz.

¶ 3 In *Crouch v. Truman*, 84 Ariz. 360, 328 P.2d 614 (1958), our supreme court addressed a similar issue that had arisen in a civil matter. There, the appellee "had full knowledge" from the appellant's opening brief on appeal that the appellant had relied on an apparent deficiency in the trial record to support his request for appellate relief. *Id.* at 363, 328 P.2d at 616. The appellee had made "no effort . . . to have the record then corrected." *Id.* After the court had rendered its opinion in favor of the appellant, however, the appellee attempted to supplement the record pursuant to former Rule 75(h), Ariz. R. Civ. P., to show no error had occurred and requested that the court reconsider its decision.[1] *Crouch*, 84 Ariz. at 363, 328 P.2d at 616.

¶ 4 The supreme court noted that, although Rule 75(h) was intended

> to provide a method for presenting [an appellate] court a true record as a basis for its decision on appeal[,][i]t was not intended that parties with knowledge of a possibly incorrect record could sit by and allow a decision to be made and mandate to go down and thereafter attempt to correct [the] record.

*Id.* at 363, 328 P.2d at 616. Rather, the court concluded, "such proceedings [must] be taken prior to the time of decision on appeal." *Id.* The court then declined to amend the record or reconsider its decision. *Id.*

¶ 5 Our courts have since applied *Crouch's* reasoning in criminal cases as well. In *State v. Esquer*, 26 Ariz.App. 572, 573, 550 P.2d 240, 241 (1976), *rejected on other grounds by State v. Lopez*, 27 Ariz.App. 626, 557 P.2d 558 (1976), Division One of this court reversed the defendant's conviction based on his guilty plea because the transcript of the plea hearing showed the trial court, inter alia, had failed to advise the defendant of his constitutional rights. After the reversal, the state moved to correct the transcript of the plea hearing pursuant to Rule 31.8(h), Ariz.

R.Crim. P., and moved for rehearing, arguing the corrected transcript showed the plea hearing had, in fact, been conducted properly. *Esquer*, 26 Ariz.App. at 573, 550 P.2d at 241.

¶ 6 The court in *Esquer* observed, "When a question arises as to the correctness of a record after it has been certified to the Court of Appeals, an appropriate correction is proper, provided that a timely motion is made." *Id.; see* Ariz. R.Crim. P. 31.8(h). Because Rule 31.8(h) "incorporates the [same] principle" as Rule 75(h), Ariz. R. Civ. P., the court found *Crouch's* reasoning instructive. *Esquer*, 26 Ariz.App. at 573–74, 550 P.2d at 241–42. Relying on *Crouch*, the court concluded that, after an appellate court has rendered its decision, it "should not entertain a further proceeding in order to permit a party to do what he should have done in the first place." *Esquer*, 26 Ariz.App. at 574, 550 P.2d at 242. The court then denied the state's motions, emphasizing that the state had been "fully aware that the now-disputed portions of the transcript were the grounds urged for reversal by appellant in his opening brief" and had "had full opportunity to develop its case on appeal prior to the time the case was decided, but did not do so." *Id.* Faced with a similar situation one year later in *State v. Davis*, 117 Ariz. 5, 8, 570 P.2d 776, 779 (App.1977), this court likewise concluded that "a motion to correct the record[, pursuant to Rule 31.8(h),] after issuance of the appellate court's opinion . . . [is] untimely."

¶ 7 As it did in *Esquer*, "the State is now challenging the very portions of the record [that Diaz] urged as grounds for [his] appeal, upon which the Court relied in its decision, and which the State had ample opportunity to challenge prior to this Court's decision." 26 Ariz.App. at 574, 550 P.2d at 242. Here, the original trial transcript had been filed over a year before we issued our opinion. Diaz had filed his opening brief, in which he relied heavily on that transcript as a ground for seeking appellate relief, approximately six months before we rendered our decision.

---

1. Rule 75(h), Ariz. R. Civ. P., has since been transferred in substantial part to Rule 11(e), Ariz. R. Civ.App. P., which permits parties to an appeal in a civil matter to stipulate or move to correct or modify the appellate record "to conform to the truth." *See* Ariz. R. Civ.App. P. 11(e) cmt.

Despite arguing in its answering brief that the transcript was incorrect, the state appears to have made no attempt to investigate its suspicion or do anything to correct the transcript until after we issued our opinion in Diaz's favor. And, although the state's subsequent inquiry prompted Moore's filings and the state in its supplemental brief argued we should reconsider our opinion based on the "corrected record," the state did not move to amend the record on appeal until May 20, 2009, the day after the oral argument in this court on the supplemental briefs. *See* Ariz. R.Crim. P. 31.8(h). Our case law is clear that such a motion is untimely and that we will not amend the record on appeal after our opinion has been issued.[2] *See Davis,* 117 Ariz. at 8, 570 P.2d at 779; *Esquer,* 26 Ariz.App. at 574, 550 P.2d at 242; *see also Crouch,* 84 Ariz. at 363, 328 P.2d at 616.

■ ¶ 8 At oral argument, the state insisted that article VI, § 27 of the Arizona Constitution precludes us from following *Davis, Esquer,* and *Crouch.* Pursuant to § 27, "[n]o cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done." The state at oral argument neither explained how that section applies to the issue before us nor cited any authority supporting its argument. In its supplemental brief, however, the state suggested that the "corrected record" showed "a mere transcription error" had occurred and that article VI, § 27 precluded reversal of Diaz's convictions for such an error. But that argument presupposes that the record on appeal may be corrected based on the court reporter's filings. As we have already explained, our case law does not allow us to amend the record at this juncture.

■ ¶ 9 Insofar as the state intended to assert at oral argument that article VI, § 27 requires us to overlook the state's failure to file a timely motion to correct the appellate record, that argument was raised for the first time at oral argument. Generally, arguments first raised at oral argument are waived. *See State v. Edmisten,* 552 Ariz. Adv. Rep. 3, ¶ 19 (Ct.App. Mar. 23, 2009). In any event, the argument is unavailing. Article VI, § 27 relates to an appellate court's review of errors committed in the trial court and espouses the principle that, even if error occurred, we will not reverse if that error otherwise is harmless. *See State v. Randall,* 8 Ariz.App. 72, 74, 443 P.2d 434, 436 (1968); *State v. Stotts,* 8 Ariz.App. 340, 342, 446 P.2d 244, 246 (1968). Neither article VI, § 27 nor the cases interpreting it suggest that we must overlook a party's failure to comply with the rules governing appellate procedure.

¶ 10 We share our dissenting colleague's discomfort with resting our decision on what now appears to be a faulty record. But, in that respect, our situation is no different than that faced by the courts in *Davis, Esquer,* and *Crouch.* As that jurisprudence commands, we cannot consider additions to the factual record, offered after we have rendered our decision, without undermining the most basic procedural requirements necessary for our appellate courts to function properly. The state argues this conclusion "elevates form over substance." To the extent we are required to choose procedural regularity (form) over factual accuracy (substance), that is a dilemma the state has forced upon us. And, although the state may complain that our insistence on procedural regularity comes at too great a cost, the state incurred that cost by ignoring its opportunity to ensure this matter would be decided on an accurate appellate record. Nor is our adherence to the rules of procedure, to the detriment of a party in a criminal matter, extraordinary or unfair. Indeed, our courts often dismiss a defendant's appeal or disregard an appellate argument for a defendant's failure to comply strictly with procedural rules, regardless of how compelling the substance of his appeal or argument may be. *See, e.g., State v. Lopez,* 217 Ariz. 433, n. 5, 175 P.3d 682, 687 n. 5 (App.2008) (declining to address defendant's argument that did not comply with Rule 31.13(c)(1)(vi), Ariz. R.Crim. P.);

---

2. We acknowledge that Rule 31.8(h) allows this court to modify the appellate record on "[our] own initiative." However, because Arizona courts have concluded in similar situations that it is improper to modify the record after an appeal has been decided, we may not do so here. *See Davis,* 117 Ariz. at 8, 570 P.2d at 779; *Esquer,* 26 Ariz.App. at 574, 550 P.2d at 242.

*State v. Littleton,* 146 Ariz. 531, 533, 707 P.2d 329, 331 (App.1985) (dismissing defendant's appeal of reckless endangerment conviction when notice of appeal inadvertently untimely filed); *see also State v. Urquidez,* 213 Ariz. 50, ¶ 4, 138 P.3d 1177, 1178 (App.2006) (when defendant fails to challenge indictment before trial, appellate "claims of error concerning a defect in the charging document might not be subject to review of any kind").

¶ 11 We are aware, moreover, that the state's counsel has previously, in at least one case before this court, timely investigated suspected errors in the appellate record and moved to correct it when necessary. We are troubled by the state's lack of diligence in doing so here. Additionally, in its supplemental brief, the state neither offered an excuse for its lack of diligence nor addressed in any way the apparently controlling precedent Diaz cited in his supplemental brief in support of his position that we may not correct the record after we have issued our opinion. Rather, the state suggested our reversal of Diaz's convictions was an "absurdity." When asked at oral argument why the state had failed to move to amend the record either before our April 7 opinion issued or by the date of the May 19 argument, counsel for the state merely replied that it had not moved to amend the record before our decision issued because it "did[not] anticipate the opinion saying what it said" and had not since so moved because "it seem[ed] like a rather futile thing to [do]." We assume this latter comment was prompted by language in the draft decision similar to that contained in ¶¶ 3–7 of this supplemental opinion.[3] But we are puzzled and frankly disappointed by the state's refusal to acknowledge its role in creating the unfortunate dilemma it has forced upon us.

¶ 12 Only after oral argument did the state move to amend the record, citing only Rule 31.8(h) and presenting no explanation or argument. Because any attempt to amend the record at this juncture is untimely, we de-

cline the state's invitation to reconsider our opinion based on Moore's filings.

¶ 13 In addition to their supplemental briefs regarding the court reporter's filings, both parties have filed motions to reconsider our previous opinion. The state contends that, rather than reversing Diaz's convictions, we should remand the issue to the trial court and "instruct[ ][it] to hold a hearing to determine if [Diaz]'s right to a 12–person jury had been violated." Diaz, in turn, asks us to reconsider our conclusion that he may not appeal the denial of his motion for judgment of acquittal made before a mistrial was declared. Alternatively, he urges us to depublish that portion of our opinion. We deny both motions, as well as the state's motion to supplement the record on appeal.

¶ 14 For the foregoing reasons, we reaffirm our reversal of Diaz's convictions and sentences, deny both parties' motions for reconsideration, and deny the state's motion to supplement the record on appeal.

CONCURRING: PETER J. ECKERSTROM, Presiding Judge.

HOWARD, Judge, specially concurring in part and dissenting in part.

¶ 15 I concur with the majority that the state waited too long to present this court with a complete factual record. *See State v. Esquer,* 26 Ariz.App. 572, 573–74, 550 P.2d 240, 241–42 (1976), *rejected on other grounds by State v. Lopez,* 27 Ariz.App. 626, 557 P.2d 558 (1976). But we now have conclusive proof that the legal principle on which the original opinion in this matter is based is erroneous and should be reconsidered. *See In re Dean,* 212 Ariz. 221, ¶ 1, 129 P.3d 943, 943 (2006) (court must sometimes "confront the consequences of our fallibility").

¶ 16 " 'An inference is a fact which may be presumed from the proof of the existence or non-existence of other facts. It is a conclu-

---

**3.** It is the practice in this division, when possible and appropriate in cases in which oral argument has been granted, to have one member of the assigned panel prepare a draft decision on the merits. The draft is provided to counsel in ad-

vance of the argument in the hope that it will help focus the parties' arguments. The draft clearly discloses that it is the work product of only one panel member and is subject to being "changed entirely" after argument.

*fin,* 89 Ariz. 42, 48, 358 P.2d 155, 159 (1960). The failure to poll one of the jurors, or an error in the transcription of the polling, may be some evidence of how many jurors deliberated. But that evidence—with or without the transcript—will not support an inference that an insufficient number of jurors deliberated in the face of other evidence in the record that the correct number of jurors did deliberate. And, without that inference, Diaz has failed to satisfy his burden to show that fundamental error occurred at his trial. *See State v. Henderson,* 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). Therefore, the original opinion should be vacated, and I respectfully dissent.