170 P.3d 706

**STATE of Arizona, Appellee,**

v.

**Ricardo AVILA, Appellant.**

**No. 1 CA–CR 07–0004.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 20, 2007.

As Corrected Nov. 30, 2007.

Review Denied June 3, 2008.

---

**98**

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Eric J. Olsson, Assistant Attorney General, Tucson, Attorneys for Appellee.

James Haas, Maricopa County Public Defender By Terry J. Adams, Deputy Public Defender, Phoenix, Attorneys for Appellant.

HALL, Judge.

¶ 1 Ricardo Avila (defendant) was convicted of two counts of aggravated driving while under the influence of intoxicating liquor (aggravated DUI), class four felonies, in violation of Arizona Revised Statutes (A.R.S.) section 28–1381(A)(1), (2) (Supp.2006). On appeal, he argues for the first time that one of the prior felony convictions used by the trial court to enhance his sentence did not qualify as a "historical prior felony conviction" as defined by A.R.S. § 13–604(W)(2)(c) (Supp.2006). Because defendant is unable to prove his claim based on the appellate record, we affirm defendant's sentences.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On March 26, 2003, defendant was charged by direct complaint with two counts of aggravated DUI. Defendant pled not guilty to both charges. On May 9, 2003, the State filed an allegation of three historical prior felony convictions. On May 16, 2003, defendant failed to appear at the initial pretrial conference and the trial court issued a bench warrant. On December 12, 2005, defendant appeared pursuant to the bench warrant and the matter proceeded to trial.

¶ 3 At trial, defendant testified that he was the passenger, not the driver, of the vehicle involved in the collision that precipitated his arrest. On direct and cross-examination, defendant acknowledged that he had previously been convicted of two felonies, one committed on April 12, 1994 and the other on March 30, 1997.

¶ 4 After a three-day trial, the jury found defendant guilty as charged. At the sentencing hearing, the trial court admitted in evidence certified minute entry copies of defendant's previous felony convictions and sentences. The first, dated August 17, 1994, reflects defendant pled guilty to forgery, a class four felony, and was sentenced to a two-and-one-half year term of imprisonment to be served concurrently with a five-year term of imprisonment imposed when the probation he received for a 1992 offense was revoked. The second, dated April 27, 2000, reflects defendant pled guilty to one count of aggravated DUI, a class four felony, and was sentenced to a two-and-one-half year term of imprisonment. Defendant did not admit the third alleged historical prior felony conviction at trial, and the State was not prepared to pursue it at the hearing and declined the trial court's offer to continue the hearing. The trial court sentenced defendant to two concurrent, ten-year terms of imprisonment, the presumptive sentences for class four felonies with two historical prior felony convictions.

¶ 5 Defendant appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031, and –4033(A)(1) (2001).

## DISCUSSION

¶ 6 As his sole issue on appeal, defendant argues that the trial court improperly enhanced his sentence by using a prior felony conviction that does not fall within the time limits set forth in § 13–604(W)(2)(c). Specifically, defendant contends that his conviction for forgery, a class four felony, on April 12, 1994 is too remote in time to qualify as a historical prior felony conviction under the statute.

¶ 7 Pursuant to § 13–604(W)(2)(c), a historical prior felony conviction includes "[a]ny class 4, 5 or 6 felony ... that was committed within the five years immediately preceding the date of the present offense." To calculate whether a felony was committed within the preceding five years for purposes of the statute, any time the defendant spent "incarcerated" is excluded. § 13–604(W)(2)(c). The State bears the burden of proving a prior conviction. *See State v. Morales,* 215 Ariz. 59, 62, ¶ 12, 157 P.3d 479, 482 (2007).

¶ 8 At the sentencing hearing, defendant objected to the trial court's use of the two prior felony convictions for enhancement purposes, but only on the basis that his trial testimony did not constitute a sufficient admission that he had been convicted of the felonies, an argument rejected by the trial court. *See State v. Pacheco,* 121 Ariz. 88, 90, 588 P.2d 830, 832 (1978) (holding a prior felony conviction may be established through a defendant's admission during trial testimony that he "had a prior felony conviction for the same crime alleged, on the same date alleged, and at the same place alleged"). Because defendant did not contend in the trial court that his commission of the forgery was too remote in time to qualify as a historical prior felony conviction before the trial court, he has forfeited this claim and we review it only for fundamental error. *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) ("A defendant who fails to object at trial forfeits the right to obtain appellate relief except in those rare cases

that involve error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.") (internal quotation marks omitted). The improper use of a conviction as a historical prior felony conviction for enhancement purposes constitutes fundamental error. *State v. Derello,* 199 Ariz. 435, 437, ¶ 6, 18 P.3d 1234, 1236 (App.2001).

¶ 9 To obtain relief under fundamental error review, a defendant must prove: (1) that error occurred; (2) that the error was fundamental; and (3) that the error was prejudicial. *Id.* at 567–68, ¶¶ 19–20, 115 P.3d at 607–08. The requisite showing varies, "depending upon the type of error that occurred and the facts of [the] particular case." *Id.* at 568, ¶ 26, 115 P.3d at 6ʋ8. The supreme court placed the burden of persuasion on defendants seeking fundamental error relief "to discourage a defendant from 'tak[ing] his chances on a favorable verdict, reserving the "hole card" of a later appeal on [a] matter that was curable at trial, and then seek[ing] appellate reversal.'" *Id.* at 567, ¶ 19, 115 P.3d at 607 (quoting *State v. Valdez,* 160 Ariz. 9, 13–14, 770 P.2d 313, 317–18 (1989)).

¶ 10 In this case, defendant asserts that the State failed to prove that he was incarcerated for a sufficient amount of time to bring his forgery conviction within the five-year requirement of § 13–604(W)(2)(c). If we were to adopt this formulation of the issue as the proper inquiry on appeal of a claim forfeited at trial, our review would be no different than had defendant contested the sufficiency of the evidence at the sentencing hearing. *Henderson* precludes such an approach. Instead, under the circumstances of this case, defendant needs to demonstrate that, excluding the amount of time for which he was incarcerated between the commission of the forgery and the commission of the current offenses, the forgery was not committed within the five years preceding the current offenses.[1] To obtain relief on direct

---

1. In *Derello,* a pre-*Henderson* case, the defendant raised for the first time on appeal the possibility that the trial court's enhancement of his sentence

with two prior felony convictions was error because the two offenses only constituted one historical prior felony conviction pursuant to § 13–

appeal, the requisite showing must be based on the trial court record that is transmitted to the appellate court. *See State v. Carter,* 216 Ariz. 286, 291, ¶ 24, 165 P.3d 687, 692 (App.2007) ("On appeal, we neither expect nor, in the ordinary case, permit a defendant to offer factual evidence outside the superior court record.").

¶ 11 Based on the trial court record provided us, defendant has not met his burden of showing the occurrence of error, let alone fundamental error. The length of time between defendant's commission of the forgery on April 12, 1994 and his commission of the current offenses on March 23, 2003 is 8.95 years. Applying the five-year requirement of § 13–604(W)(2)(c), defendant's forgery conviction does not qualify as a historical prior felony conviction unless defendant was incarcerated for at least 3.95 years during that intervening time period. The record reflects that, on August 17, 1994, defendant was sentenced to five years in prison and, on April 27, 2000, he was sentenced to two-and-one-half years in prison. The seven-and-one-half years reflected in the sentencing minute entries well exceeds the 3.95 years necessary to bring the 1994 forgery within the five years preceding the 2003 DUI for purposes of the statute.

¶ 12 As acknowledged by the State, the record does not include defendant's actual release dates from any of the prison sentences. But as *Henderson* made clear, the burden of persuasion borne by a defendant in fundamental error review does not permit him to remain silent at trial and reserve the "hole card" of a later appeal on a matter that was curable at trial, and then seek appellate reversal.[2] Here, the record on appeal contains evidence that reasonably supports a finding that the forgery conviction was a historical prior felony conviction. Under

these circumstances, the State is not required to disprove on appeal the possibility that defendant was incarcerated for less than the requisite amount of time.[3]

¶ 13 The lack of provable trial court error distinguishes this case from two other recent cases in which the trial court erred by accepting the defendant's stipulation to a prior conviction without first conducting the constitutionally mandated colloquy required by Rule 17. *See Morales,* 215 Ariz. at 61, ¶ 10, 157 P.3d at 481; *Carter,* 216 Ariz. at 289–90, ¶¶ 16–19, 165 P.3d at 690–91. Likewise, in *State v. Joyner,* 215 Ariz. 134, 143, ¶ 29, 158 P.3d 263, 272 (App.2007), the trial court erred by implicitly finding that defendant was ineligible for mandatory probation pursuant to A.R.S. § 13–901.01 (Supp.2006) based on his prior felony convictions for armed robbery and attempted armed robbery.

## CONCLUSION

¶ 14 In summary, the record on appeal does not demonstrate that the trial court committed any error in finding that defendant's 1994 forgery offense was a historical prior felony conviction within the purview of § 13–604(W)(2)(c). Thus, the fundamental error exception to the forfeiture rule does not apply and defendant is procedurally precluded from obtaining relief on direct appeal. We therefore affirm defendant's convictions and sentences.[4]

CONCURRING: G. MURRAY SNOW and MAURICE PORTLEY, Judges.

---

604(M), which provides that "[c]onvictions for two or more offenses committed on the same occasion shall be counted as only one conviction[.]" 199 Ariz. at 437, ¶ 6, 18 P.3d at 1236. "Because the trial court record was silent on whether [the] convictions were committed on the same occasion," we remanded the matter for an evidentiary hearing to determine whether the offenses were indeed separate historical prior felony convictions. *Id.*

**2.** Indeed, had defendant objected at trial that the forgery offense was too old to qualify as a histori-

cal prior felony conviction, the State would in all probability have then sought to admit defendant's prison "pen pack" that was in the prosecutor's possession.

**3.** The State argues that, even assuming defendant earned one day of release credit for every six days served pursuant to A.R.S. § 41–1604.07(A) (Supp.2006), he would have been incarcerated for a minimum of 6.375 years between April 12, 1994 and March 23, 2003. Based on our resolution of the case, we need not address this argument.

4. We express no opinion on whether defendant
may obtain relief pursuant to Arizona Rule of
Criminal Procedure 32.