NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALEX ROBERT ESCALANTE, *Appellant.*

No. 1 CA-CR 16-0389
FILED 6-22-2017

Appeal from the Superior Court in Maricopa County
No. CR 2014-147018-001
The Honorable George H. Foster, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

Alex Robert Escalante, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

¶1        Alex Robert Escalante appeals his convictions for theft of means of transportation and unlawful flight from a law enforcement vehicle, in violation of Arizona Revised Statutes ("A.R.S.") sections 13-1814 and 28-622.01.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel has searched the record, found no arguable question of law, and asked that we review the record for reversible error.  *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).  Escalante filed supplemental briefs *in propria persona* that we have considered.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Two detectives were patrolling in an unmarked police vehicle when they saw a black Kia roll through a stop sign.  The driver was described as a Hispanic male with short hair and "some facial hair."  The detectives determined the Kia had not been reported stolen and stopped following it.  A few minutes later, the Kia — driven by the same male — sped past the detectives on a residential street.  The detectives asked a patrol unit to initiate a traffic stop.  When a responding officer attempted to stop the Kia, it sped away.

¶3        An officer contacted the Kia's owner, who was under the misimpression that the vehicle was in her apartment parking lot.  Officers tracked the Kia to a different apartment complex, where it was parked behind plywood boards partially concealing it.  The detectives saw the same male removing items from the Kia.  Upon seeing the detectives, the man fled in the Kia.

¶4        The Kia was later found abandoned.  A witness stated that the driver had run northbound toward a pedestrian bridge crossing the freeway.  An officer familiar with the area knew that the bridge led to an apartment complex and learned that a 911 call had come in about a person hiding in the laundry room of that complex.  The officer drove to the

complex and saw Escalante, who, with the exception of his clothing, matched the description of the suspect. Escalante was detained, and the detectives identified him as the Kia's driver.

**¶5**        Escalante was charged with theft of means of transportation and unlawful flight from a law enforcement vehicle. A jury trial ensued. At the close of the State's case-in-chief, Escalante moved for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20. His motion was denied. The jury found Escalante guilty of the two charged offenses and found two aggravating factors. The superior court determined Escalante had two historical prior felonies and sentenced him to a slightly aggravated sentence of 12 years' imprisonment for the theft of means of transportation offense, to run concurrently to a five-year presumptive term of imprisonment for unlawful flight. Escalante received 498 days of presentence incarceration credit.

**¶6**        This Court has jurisdiction over Escalante's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 13-4033(A)(1).

## DISCUSSION

**¶7**        We have reviewed the entire record but found no reversible error. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory range. Escalante was present at all critical phases of the proceedings and was represented by counsel. The jury was properly impaneled and instructed. The jury instructions were consistent with the offenses charged. The record reflects no irregularity in the deliberation process.

**¶8**        In his supplemental briefs, Escalante identifies two issues that we review for fundamental error only.[1] *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (fundamental error review applies when a defendant fails to object to the alleged error in the trial court). "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant." *State v. Nihiser*, 191 Ariz. 199, 201 (App. 1997).

**¶9**        Escalante challenges the detectives' pretrial identification as "unduly suggestive," in violation of his due process rights. The

---

[1]        Although defense counsel filed a pretrial motion to preclude the pretrial identification and an in-court identification by the detectives, that motion was later withdrawn before the court ruled on it.

constitutionality of a pretrial identification is a mixed question of law and fact that we review *de novo*. *State v. Garcia*, 224 Ariz. 1, 7–8, ¶ 6 (2010). In determining the reliability of a one-man show-up, the following factors are relevant:

> (1) the opportunity the witness had to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description; (4) the level of certainty demonstrated by the witness at the identification; and (5) the length of time between the crime and the confrontation.

*State v. Hicks*, 133 Ariz. 64, 67–68 (1982).

¶10 The detectives saw the Kia driver three times and had "[n]o doubt" that individual was Escalante. During their first encounter, one of the detectives looked directly at the driver from a distance of roughly six feet. The detectives' initial description of the driver matched Escalante's appearance, with the exception of the clothing he was wearing when he was discovered hiding in the apartment complex laundry room. Applying the *Hicks* factors, the superior court did not fundamentally err by admitting identification evidence at trial.

¶11 As we understand Escalante's second argument, he contends a class 6 felony conviction did not qualify as a historical prior felony conviction and that he was thus improperly sentenced as a category three repetitive offender. We disagree.

¶12 Under A.R.S. § 13-703(c), "a person shall be sentenced as a category three repetitive offender if the person is at least eighteen years of age or has been tried as an adult and stands convicted of a felony and has two or more historical prior felony convictions." Section 13-105(22) defines a historical prior felony conviction as:

> . . .

> (b) Any class 2 or 3 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the ten years immediately preceding the date of the present offense. Any time spent on absconder status while on probation, on escape status *or incarcerated* is excluded in calculating if the offense was committed within the preceding ten years. . . .

4

. . .

> (c) Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense. *Any time spent on absconder status while on probation, on escape status or incarcerated is excluded in calculating if the offense was committed within the preceding five years.*

(Emphasis added.) Escalante committed two felonies in 2003 — a class 3 felony, and a class 6 felony. He was incarcerated until May 23, 2013, and that time is excluded. *See State v. Avila*, 217 Ariz. 97, 99, ¶ 7 (App. 2007). The subject offenses were committed on September 26, 2014 — well within the statutory timeframe.

**¶13** The superior court properly denied Escalante's motion for judgment of acquittal. A judgment of acquittal is appropriate only when there is "no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). Substantial evidence is such proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990) (citation omitted). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996). The State presented substantial evidence of guilt.

**¶14** To prove the offense of theft of means of transportation, the State was required to prove that Escalante, without lawful authority, knowingly controlled another person's means of transportation, knowing or having reason to know that the property was stolen. A.R.S. § 13-1814(A)(5). Trial evidence established that Escalante drove the Kia on multiple occasions. The vehicle's owner did not give Escalante permission to drive the vehicle.

**¶15** To prove the offense of unlawful flight from a law enforcement vehicle, the State was required to prove: (1) Escalante, who was driving a motor vehicle, willfully or knowingly fled from or attempted to elude a pursuing official law enforcement vehicle; (2) the law enforcement vehicle was appropriately marked showing it to be an official law enforcement vehicle; (3) the officer in the law enforcement vehicle, while in pursuit used a red and blue light (4) and an audible siren. A.R.S. §§ 28-622.01, -624(C). Testimony established that a marked police unit tried to stop Escalante by getting behind the Kia and activating the lights and

sirens. Escalante reacted by accelerating. Testimony established that the police vehicle's lights could be seen "a hundred yards away" and characterized the siren as "loud."

## CONCLUSION

**¶16** We affirm Escalante's convictions and sentences. Counsel's obligations pertaining to Escalante's representation in this appeal have ended. Counsel need do nothing more than inform Escalante of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Escalante shall have thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA