NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER JAY BLACK, *Appellant.*

No. 1 CA-CR 17-0201
FILED 3-22-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-145351-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Jennifer M. Perkins joined.

---

**J O N E S**, Judge:

¶1     Christopher Black appeals his conviction and sentence for aggravated driving under the influence (DUI).  After searching the entire record, Black's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error.  Black was granted an opportunity to file a supplemental brief *in propria persona* and did so.[1]  After reviewing the entire record, we reject the arguments raised in Black's supplemental brief and find no error.  Accordingly, Black's conviction and sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2     Around 11:13 p.m. on September 25, 2017, a sergeant with the Phoenix Police Department observed a pickup truck with a shredded tire travelling sixty-five miles per hour on the interstate.[2]  After the sergeant began pursuing the pickup, it slowed down, though it continued to "mov[e] along at a good clip" and weaved back and forth between lanes.

¶3     The sergeant initiated a traffic stop and observed the driver, later identified as Black, swaying as he stepped out of his car.  The sergeant also noticed Black's speech was slurred and he emanated a light odor of alcohol.  A second officer then conducted a DUI investigation and observed

---

[1]     On December 29, 2017, Black filed a motion to supplement the record with four documents.  These documents are already part of the record and were considered in the course of our *Anders* review.  Accordingly, we deny Black's motion as moot.

[2]     "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

Black had bloodshot, watery eyes; slurred his speech; and emitted a strong odor of alcohol. The officer conducted field sobriety tests, which indicated Black was impaired. The officer arrested Black and transported him to the police station where an intoxilyzer test indicated Black had a blood alcohol concentration of 0.156 and 0.170 at 1:00 a.m. and 1:06 a.m., respectively. In an interview with the police, Black admitted he knew his license was suspended and revoked.

¶4　　　　Black was indicted on two counts of felony DUI and one count of resisting arrest. Before trial, Black moved to suppress the traffic stop, arguing it was invalid under *Terry v. Ohio*, 392 U.S. 1 (1968), because the sergeant did not observe a violation of traffic laws. The State argued the sergeant's actions were permissible pursuant to Arizona Revised Statutes (A.R.S.) § 28-982(A)[3] (permitting an officer to stop a vehicle "any time there is reasonable cause to believe that [the] vehicle is unsafe . . . or that [the] vehicle's equipment is not in proper adjustment or repair"), and the community caretaker doctrine, *see State v. Organ*, 225 Ariz. 43, 47-48, ¶ 19 (App. 2010) (concluding a welfare check of a vehicle parked on the shoulder with its emergency flashers activated that led to the discovery of illegal drugs "was an appropriate exercise of [the officer's] community caretaking function and . . . did not violate the Fourth Amendment"). The trial court denied the motion to suppress, noting "[t]here was a clear danger on the road to the vehicle driving at highway speeds with no rubber on the tire driving on the rim" such that both A.R.S. § 28-982(A) and the community caretaker doctrine justified the stop.

¶5　　　　A four-day jury trial began in January 2017. Following an unsuccessful motion for judgment of acquittal, the jury convicted Black of one count of aggravated DUI and acquitted him of the other two counts.

¶6　　　　The State alleged three historical prior felony convictions for purposes of sentence enhancement. At a trial on the prior convictions, the State introduced certified copies of three felony convictions; a "pen pack" from the Department of Corrections, which included Black's photograph; and Black's Motor Vehicle Department (MVD) record, which also included his photograph. Although Black did not object to the admission of this evidence, he argued it was insufficient to prove he was convicted of those crimes because the State did not present an expert witness to compare his fingerprints with those on the certified copies.

---

[3]　　　　Absent material changes from the relevant date we cite a statute's current version.

¶7        The trial court compared Black's appearance in the courtroom to the photos in the pen pack and MVD record and asked Black to state his name and date of birth.  The court also compared the case numbers listed in the certified copies with the case numbers listed in the pen pack, which were identical.  The court then found the State had proved the three prior felony convictions beyond a reasonable doubt and sentenced Black as a non-dangerous, repetitive offender to a presumptive term of ten years' imprisonment.  The court also credited Black with seventy-six days of presentence incarceration.  Black timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8        Within his supplemental brief, Black argues the trial court abused its discretion by: (1) denying his motion to suppress the traffic stop, and (2) finding the State proved his prior convictions without identifying him through his fingerprint.  We disagree.

## I.        Motion to Suppress

¶9        The U.S. and Arizona Constitutions prohibit unreasonable searches and seizures.  *See* U.S. Const. amend. IV; Ariz. Const. art. 2, § 8.  Warrantless searches "are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions."  *State v. Dean*, 206 Ariz. 158, 161, ¶ 8 (2003) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)).  However, evidence discovered during a warrantless search may be admitted when a police officer engages in a community caretaking function intended to promote public safety.  *See Organ*, 225 Ariz. at 46-47, ¶ 14 (citing *In re Tiffany O.*, 217 Ariz. 370, 376, ¶ 21 (App. 2007)).  "These caretaking activities do not violate the Fourth Amendment if they are warranted 'either in terms of state law or sound police procedure.'"  *State v. Mendoza-Ruiz*, 225 Ariz. 473, 475, ¶ 9 (App. 2010) (quoting *United States v. Rodriguez-Morales*, 929 F.2d 780, 785 (1st Cir. 1991)).

¶10        On appeal, Black again argues the stop was an unlawful *Terry* stop because the officer did not have a reasonable suspicion that he was committing a crime.  However, as the trial court noted, A.R.S. § 28-982 authorizes an officer to stop a vehicle "any time there is reasonable cause to believe that a vehicle is unsafe" to inspect the vehicle and issue a written notice to the driver if appropriate, a function "'totally divorced from' criminal investigations."  *State v. Becerra*, 231 Ariz. 200, 203, ¶ 8 (App. 2013) (quoting *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973)).

¶11 The record contains evidence upon which the trial court could find the sergeant reasonably believed Black's vehicle was unsafe while traveling at high speeds with a flat tire. Such an exercise of authority under this statute is a proper exercise of the State's police power because, "[w]ithout a doubt, the state has a valid interest in the safety of its highways for travelers." *State v. Harrison*, 111 Ariz. 508, 509 (1975) (citing *State ex rel. Berger v. Cantor*, 13 Ariz. App. 555 (1970)). Because the stop was authorized by A.R.S. § 28-982(A), it was not unreasonable, and the trial court did not err when it denied Black's motion to suppress.

## II. Sufficiency of Evidence of Prior Convictions

¶12 "A trial court's determination that a prior conviction constitutes an historical prior felony conviction for purposes of sentence enhancement involves a mixed question of law and fact." *State v. Rasul*, 216 Ariz. 491, 496, ¶ 20 (App. 2007) (quoting *State v. Derello*, 199 Ariz. 435, 437, ¶ 8 (App. 2001)). Accordingly, we review the determination *de novo*. *Id.* (citing *Derello*, 199 Ariz. at 437, ¶ 8). "The proper procedure to establish the prior conviction is for the state to offer in evidence a certified copy of the conviction . . . and establish the defendant as the person to whom the document refers." *State v. Lee*, 114 Ariz. 101, 105 (1976) (citing *State v. McGuire*, 113 Ariz. 372, 374-75 (1976), and *State v. Biscoe*, 112 Ariz. 98, 99 (1975)); *see also State v. Hauss*, 140 Ariz. 230, 231 (1984) (identifying limited exceptions to the standard procedure outlined in *Lee*).

¶13 Black argues the State did not prove the certified copies of the convictions referred to him because the State did not use a fingerprint expert. However, the State admitted into evidence a certified pen pack containing Black's full name, date of birth, photograph, and a list of his prior convictions. The State also introduced certified copies for three prior convictions containing Black's full name, date of birth, and case numbers that matched the pen pack. The trial court judge then compared Black to the photograph in the pen pack. Under these circumstances, the documentary evidence was sufficient to connect Black to the convictions and no further supporting testimonial evidence was necessary. *See, e.g.*, *State v. Solis*, 236 Ariz. 242, 248, ¶¶ 21-22 (App. 2014) (finding documentary evidence was sufficient to prove a prior historical felony because it contained a photograph that the trial court found depicted the defendant). Accordingly, we find the evidence sufficient to conclude Black had three prior felony convictions for sentence enhancement purposes.

### III. Fundamental Error Review

¶14 Further review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). As relevant here, a person is guilty of committing aggravated DUI if "the person has an alcohol concentration of 0.08 or more within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle," A.R.S. § 28-1381(A)(2), "while the person's driver license or privilege to drive is suspended, canceled, revoked or refused," A.R.S. § 28-1383(A)(1). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Black was guilty of aggravated DUI.

¶15 All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Black was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Black's presumption of innocence. At sentencing, Black was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. § 13-703(C), (J).

### CONCLUSION

¶16 Black's conviction and sentence are affirmed.

¶17 Defense counsel's obligations pertaining to Black's representation in this appeal have ended. Defense counsel need do no more than inform Black of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶18 Black has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim.

P. 31.21.  Upon the Court's own motion, we also grant Black thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.