NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHNNY LEE MENDIVIL, *Appellant*.

No. 1 CA-CR 21-0291
FILED 8-2-2022

Appeal from the Superior Court in Maricopa County
No. CR 2019-125606-001
The Honorable Howard D. Sukenic, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1        Johnny Mendivil appeals his sentences for two drug offenses, arguing he was improperly sentenced as a Category 3 repetitive offender. Because he did not raise this claim in the superior court, and the record supports the superior court's finding that he has at least two historical prior felony convictions, we affirm.

**BACKGROUND**

¶2        The State charged Mendivil with one count of possession or use of dangerous drugs and one count of possession of drug paraphernalia (the present offenses). The State also alleged aggravating circumstances and that Mendivil had historical prior felony convictions and committed the present offenses while on release from confinement.

¶3        A jury convicted Mendivil as charged. After the jury rendered its verdict, the parties stipulated that Mendivil was on parole at the time of the present offenses and had "at least three prior felony convictions . . . plac[ing] [him] in Category 3." Specifically, the prosecutor referenced the following prior convictions: (1) Cause No. CR 2016-115393-002, possession of a dangerous drug, a class 4 felony, committed on April 2, 2016 (conviction on April 18, 2017); (2) Cause No. CR 2013-455711-001, possession of drug paraphernalia, a class 6 felony, committed on November 20, 2013 (conviction on May 5, 2014); and (3) Cause No. CR 2013-461684-001, possession of drug paraphernalia, a class 6 felony, committed on December 26, 2013 (conviction on May 5, 2014).

¶4        Before accepting the parties' stipulation, the superior court asked defense counsel whether he agreed with its terms, as presented by the prosecutor, and defense counsel expressly stated that both he and his client "agree[d]." The court then addressed Mendivil directly, asking whether he admitted both his parole status and his three prior felony convictions. After Mendivil agreed to the stipulation, the superior court questioned him to ensure that he knowingly, voluntarily, and intelligently

made the admissions. *See* Ariz. R. Crim. P. 17.1(b) ("A court may accept a plea of guilty or no contest only if the defendant enters the plea voluntarily and intelligently."); *see also* Ariz. R. Crim. P. 17.6 (requiring a court to ensure that a defendant's stipulated admission to an allegation of a prior conviction is voluntarily and intelligently made). Upon completing the colloquy, the superior court accepted the parties' stipulation, dispensed with the aggravation phase of the trial, and discharged the jury.

¶5        At sentencing, the superior court reviewed the parties' stipulation with the prosecutor, who confirmed that Mendivil had "admitted to three priors, and that he was on parole." The court, without objection, then deemed Mendivil a Category 3 repetitive offender and imposed the corresponding mandatory minimum terms of imprisonment, totaling ten years. *See* A.R.S. §§ 13-703(C), (J); –708(A). In pronouncing the sentences, the court remarked that it found them "excessive" and expressly authorized Mendivil to petition the Board of Clemency for commutation of his sentences.

## DISCUSSION

¶6        On appeal, Mendivil argues for the first time that two prior felony convictions used by the superior court to enhance his sentences did not qualify as "historical prior felony convictions." While he does not contest the classification of his 2017 conviction for possession of a dangerous drug, committed on April 2, 2016, as a "historical prior felony conviction," he contends his 2014 convictions for possession of drug paraphernalia, committed on November 20 and December 26, 2013, do not qualify because he committed those offenses more than five years before he committed the present offenses on June 2, 2019. According to Mendivil, neither the parties' stipulation nor any evidence "supports a finding that [he] had more than one allegeable historical felony conviction," and therefore the superior court erred by sentencing him as a Category 3 repetitive offender.

¶7        Because Mendivil did not argue in the superior court that his 2013 drug offenses were too remote in time to qualify as historical prior felony convictions, we review this issue only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To prevail under fundamental error review, Mendivil must establish both that fundamental error exists and that the error caused him prejudice. *Id.* at ¶ 20. Fundamental error goes to the foundation of the case, deprives the defendant of a right essential to his defense, or is of such magnitude that the defendant could not possibly have received a fair trial. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

"The improper use of a conviction as a historical prior felony conviction for enhancement purposes constitutes fundamental error." *State v. Avila*, 217 Ariz. 97, 99, ¶ 8 (App. 2007).

¶8 Under A.R.S. § 13-703(C), "a person shall be sentenced as a category three repetitive offender if the person . . . stands convicted of a felony and has two or more historical prior felony convictions." As defined by A.R.S. § 13-105(22)(c), any class 6 felony "that was committed within the five years immediately preceding the date of the present offense" qualifies as a "[h]istorical prior felony conviction." To calculate whether a felony was committed within the preceding five years for purposes of the statute, any time the defendant spent incarcerated "is excluded." *Id.*

¶9 Before enhancing a defendant's sentence with a prior conviction, a court must find that a historical prior felony conviction exists. *State v. Morales*, 215 Ariz. 59, 61, ¶ 6 (2007). Most commonly, the State establishes the existence of a historical prior felony conviction by presenting a certified copy of the conviction at an evidentiary hearing, but no hearing is required if the defendant admits to the prior conviction. *See id.* at ¶¶ 6-7. A defendant's admission or stipulation "eliminate[s] the need for formal proof of the prior conviction by the [S]tate, waive[s] the defendant's constitutional rights, and result[s] in an enhanced sentence." *Id.* at ¶ 9.

¶10 As stated, Mendivil committed the present offenses on June 2, 2019 and the underlying offenses for the challenged 2014 convictions on November 20 and December 26, 2013, a difference of 5 years and 194 days and 5 years and 158 days, respectively. On appeal, Mendivil asserts that the State failed to prove that he was incarcerated for sufficient time to bring the 2014 convictions within the statutory five-year requirement. *See Avila*, 217 Ariz. at 99, ¶ 10.

¶11 If we adopt Mendivil's proposed "formulation of the issue as the proper inquiry on appeal of a claim forfeited at trial, our review would be no different than had [he] contested the sufficiency of the evidence at the sentencing hearing." *Id.* Such an approach is inconsistent with well-established caselaw governing fundamental error review. As made clear by our supreme court, "the burden of persuasion borne by a defendant in fundamental error review does not permit him to remain silent at trial and reserve the 'hole card' of a later appeal on a matter that was curable at trial." *Id.* at 100, ¶ 12 (citing *Henderson*, 210 Ariz. at 567, ¶ 19). Accordingly, on fundamental error review, a defendant challenging the classification of a conviction as a historical prior felony conviction "needs to demonstrate that, excluding the amount of time for which he was incarcerated between

the commission of [the underlying offenses for the challenged convictions] and the commission of the current offenses, [the underlying offenses were] not committed within the five years preceding the current offenses." *Id.* at 99, ¶ 10.

**¶12** Applying the five-year requirement of A.R.S. § 13-105(22)(c) to this case, the 2014 drug paraphernalia convictions do not qualify as historical prior felony convictions unless Mendivil was incarcerated for at least 194 and 158 days, respectively, during the intervening period. We take judicial notice that Mendivil was sentenced to one-year terms of imprisonment for each 2014 conviction and incarcerated from December 26, 2013 to August 19, 2014, a total period of 236 days, exceeding the 194 and 158 days necessary to bring the 2013 possession of drug paraphernalia offenses within the five years preceding the present June 2019 offenses for purposes of the statute. Arizona Department of Corrections Rehabilitation & Reentry, https://corrections.az.gov/public-resources/inmate-datasearch (last visited July 19, 2022). *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (noting appellate court may "take judicial notice of anything of which the [superior] court could take notice").

**¶13** Although Mendivil objects to this court taking judicial notice of the Arizona Department of Corrections' records, asserting generally that the Department's "records are often wrong," he raises no specific challenge to the information at issue here. Given Mendivil's forfeiture of any challenge in the superior court, "the State is not required to disprove on appeal the possibility that [Mendivil] was incarcerated for less than the requisite amount of time." *Avila*, 217 Ariz. at 100, ¶ 12.

**¶14** Finally, as noted by the State, "[t]wo of Mendivil's felonies are 'forever' historical priors," so he qualifies as "a category three offender even without accounting for the tolling [of time] from his incarceration." Under A.R.S. § 13-105(22)(d), "[a]ny felony conviction that is a third or more prior felony conviction" qualifies as a "[h]istorical prior felony conviction." Such a conviction "can be used to enhance a later sentence, regardless of passage of time," *State v. Johnson*, 240 Ariz. 402, 404, ¶ 9 (App. 2016) (quotation and citation omitted), except that "[c]onvictions for two or more offenses committed on the same occasion shall be counted as only one conviction." A.R.S. § 13-703(L).

**¶15** In this case, the State alleged that Mendivil committed eight felonies on four dates. Taking the convictions chronologically, Mendivil's third and fourth felony prior convictions are CR 2013-461684-001, committed on December 26, 2013, and CR 2016-115393-002, committed on

April 2, 2016. *See State v. Christian*, 205 Ariz. 64, 67, ¶ 8 n.8 (2003) ("For an offense to qualify as a 'third or more prior felony conviction' it must be the third conviction chronologically.") (citation omitted).

**¶16**    To support its allegations, the State submitted a presentence report containing a detailed criminal history, including the dates of the prior felony convictions and the corresponding dates of commission, but Mendivil did not object to the superior court's consideration of the presentence report or its contents. *See* Ariz. R. Crim. P. 26.8(b) (permitting a party to object to the contents of a presentence report). Likewise, on appeal, Mendivil does not suggest that the presentence report is inaccurate, deny that he was convicted of the felonies at issue, or assert that the State would have been unable to prove those convictions had the trial proceeded to the aggravation phase. *See State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11 (App. 2013) ("A defendant who fails to object to the contents of a presentence report has waived objections as to the accuracy and completeness of the report."); *see also State v. Miller*, 215 Ariz. 40, 44, ¶ 13 (App. 2007). Accordingly, Mendivil has not shown that the superior court committed fundamental, prejudicial error by sentencing him as a Category 3 offender.

## CONCLUSION

**¶17**    For the foregoing reasons, we affirm.

